UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA ROGERS, | No. 2:13-cv-1932 AC |
| Plaintiff, | |
| v. | ORDER |
| NAT'L RAILROAD PASSENGER CORP., ET AL., | |
| Defendants. | |

This case is before the undersigned pursuant to the consent of the parties. See ECF No. 18; see also E.D. Local Rule 305; 28 U.S.C. § 636(c)(1). On January 29, 2014, the court held a status conference. Kenneth Shepard appeared for plaintiff. Jan Michael Roos appeared for National Railroad Passenger Corporation (aka Amtrak); David Womack appeared for the City of Sacramento, and Samuel Grader appeared for Diede Construction, Inc. ("Diede"). On review of the parties' status reports, IT IS HEREBY ORDERED that:

SERVICE OF PROCESS

Service of process is undisputed and defendants have answered.

JOINDER OF PARTIES/AMENDMENTS

On December 13, 2013, Diede filed a motion for leave to file a third-party complaint on the ground that the proposed third-party defendant is or may be liable to defendant for all or part

1

of plaintiff's claim.  Diede seeks to file a third-party complaint against Skyline Scaffold, Inc.  No party has filed an opposition to this motion.

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.  But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer."  Fed. R. Civ. P. 14.  The court finds that granting Diede leave to file a third-party complaint is warranted.  See id.

At today's hearing, plaintiff expressed her intent to amend her pleading following the filing of the third-party complaint.  Such amendment must occur promptly and in any case no later than fourteen days after the filing of the third-party complaint.

JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1331.  Jurisdiction and venue are undisputed and are hereby found to be proper.

DISCOVERY

All discovery shall be completed by July 2, 2014.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.  Motions to compel discovery must be noticed on the undersigned's calendar in accordance with the Local Rules and must be heard not later than June 11, 2014.

EXPERT DISCLOSURE

The parties are to designate in writing, and serve upon all other parties, the names of all experts they propose to tender at trial in accordance with the following schedule: initial expert disclosures on or before July 31, 2014; rebuttal expert disclosures on or before August 31, 2014.

An expert witness not appearing on said lists will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly

1  proffered for deposition.  Failure to provide the information required along with the expert
2  designation may lead to preclusion of the expert's testimony or other appropriate sanctions.
3        For the purposes of this scheduling order, experts are defined as "percipient" and "Rule
4  26" experts.  Both types of experts shall be listed.  Percipient experts are persons who, because of
5  their expertise, have rendered expert opinions in the normal course of their work duties or
6  observations pertinent to the issues in the case.  Another term for their opinions are "historical
7  opinions."  Percipient experts are experts who, unless also designated as Rule 26 experts, are
8  limited to testifying to their historical opinions and the reasons for them.  That is, they may be
9  asked to testify about their opinions given in the past and the whys and wherefores concerning the
10 development of those opinions.  However, they may not be asked to render a current opinion for
11 the purposes of the litigation.
12       Rule 26 experts, who may be percipient experts as well, shall be specifically designated
13 by a party to be a testifying expert for the purposes of the litigation.  The Rule 26 expert may
14 express opinions formed for the purposes of the litigation.  A party designating a Rule 26 expert
15 will be assumed to have acquired the express permission of the witness to be so listed.
16       The parties shall comply with the information disclosure provisions of Federal Rule of
17 Civil Procedure 26(a)(2) for any expert, who is in whole or in part designated as a Rule 26 expert.
18 This information is due at the time of designation.  Failure to supply the required information may
19 result in the Rule 26 expert being stricken.  All Rule 26 experts are to be fully prepared to render
20 an informed opinion at the time of designation so that they may fully participate in any deposition
21 taken by the opposing party.  Rule 26 experts will not be permitted to testify at trial as to any
22 information gathered or evaluated, or opinion formed, which should have been reasonably
23 available at the time of designation.  The court will closely scrutinize for discovery abuse
24 deposition opinions which differ markedly in nature and/or in bases from those expressed in the
25 mandatory information disclosure.
26 MOTION HEARING SCHEDULES
27       All law and motion, except as to discovery, shall be completed by October 1, 2014.  The
28 word "completed" in this context means that all law and motion matters must be heard by the

above date.  Counsel (and/or pro se parties) are cautioned to refer to the Local Rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar.  Available hearing dates may be obtained by calling Valerie Callen, the Courtroom Deputy, at (916) 930-4199.

Local Rule 230 governs the calendaring and procedures of civil motions with the following additions:

(a) The opposition and reply must be filed by 4:30 p.m. on the day due; and

(b) When the last day for filing an opposition brief falls on a legal holiday, the opposition brief shall be filed on the last court day immediately preceding the legal holiday.  Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to the motion and the court may dispose of the motion summarily.  Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994).

All purely legal issues are to be resolved by timely pretrial motion.  The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial.  To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery.  If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion by the law and motion cutoff set forth above.  The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.

Counsel are reminded that motions in limine are procedural devices designed to address the admissibility of evidence.  Counsel are cautioned that the court will look with disfavor upon substantive motions presented in the guise of motions in limine at the time of trial.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set before the undersigned on October 29, 2014 at 10:00 a.m. in Courtroom No. 26.  Counsel are cautioned that counsel appearing for pretrial will in fact

try the matter. Counsel for all parties are to be fully prepared for trial at the time of the pretrial conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel are referred to Local Rules 281 and 282 relating to pretrial statements and conferences. A failure to comply with Local Rules 281 and 282 will be grounds for sanctions.

Notwithstanding Local Rule 281, the parties shall submit a joint pretrial statement not later than fourteen (14) days prior to the pretrial conference. The joint pretrial statement shall conform with the requirements of Local Rule 281(b). The undisputed facts and disputed factual issues shall be set forth in two separate sections. The parties should identify those facts which are relevant to each separate cause of action. In this regard, the parties are to number each individual fact or factual issues. Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue. The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action. The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all parties about the precise issues that will be litigated at trial. The court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute. The joint statement of undisputed facts and disputed factual issues is to be filed with the court concurrently with the filing of the joint pretrial statement.

Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in their pretrial statement a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose. These lists shall not be contained in the pretrial statement itself, but shall be attached as separate documents to be used as addenda to the final pretrial order. Plaintiff's exhibits shall be listed numerically; defendant's exhibits shall be listed alphabetically. The pretrial order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the pretrial order. Counsel are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses which counsel do not intend or use will be viewed as an abuse of the court's processes.

Counsel are reminded that, pursuant to Federal Rule of Civil Procedure 16, it will be their duty at the pretrial conference to aid the court in (a) formulation and simplification of issues and the elimination of meritless claims or defenses; (b) settling of facts which should be properly admitted; and (c) avoidance of unnecessary proof and cumulative evidence.  The parties must prepare their joint pretrial statement, and participate in good faith at the pretrial conference, with these aims in mind.  A failure to do so may result in the imposition of sanctions, which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

TRIAL SETTING

A jury trial is set to commence before the undersigned on December 1, 2014 at 9:00 a.m. in Courtroom No. 26.  The parties anticipate that the trial will take between three to five days.

SETTLEMENT CONFERENCE

The parties have expressed interest in referral to the Voluntary Dispute Resolution Program, and are also considering private Alternative Dispute Resolution ("ADR") options. Accordingly, following the appearance of third-party defendant, Skyline Scaffold, Inc., and further following the filing of plaintiff's amended pleading, this matter will be referred pursuant to Local Rule 271(b)(4) unless the parties advise the court that they are pursuing private ADR.

SUMMARY OF ORDER

THE COURT SUMMARIZES THE SCHEDULING ORDER AS FOLLOWS:

1.	All discovery shall be completed by July 2, 2014.  Motions to compel must be heard not later than June 11, 2014.

2.	Initial expert disclosures shall be made on or before July 31, 2014; rebuttal expert disclosures on or before August 31, 2014.

3.	All pretrial motions, except motions to compel discovery, shall be completed as described herein on or before October 1, 2014.

4.	The final pretrial conference is set before the undersigned on October 29, 2014 at 10:00 a.m. in Courtroom No. 26.  Pretrial statements shall be filed in accordance with Local Rules 281 and 282, and the requirements set forth herein.

1   5. A jury trial is set to commence before the undersigned on December 1, 2014 at
2   9:00 a.m. in Courtroom No. 26.
3   6. Failure to comply with the terms of this order may result in the imposition of
4   monetary and all other sanctions within the power of the court, including dismissal or an order of
5   judgment.
6   IT IS SO ORDERED.
7   DATED: January 29, 2014

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE